**COMMUNITY BUILDERS, Inc.,**
**Plaintiff,**

v.

**PAINTERS AND DECORATORS LOCAL UNION 246 et al., Defendants.**

**Civ. No. 2-532.**

United States District Court
S. D. Iowa, Central Division.
July 14, 1955.

Herrick, Langdon & Sidney, Des Moines, Iowa, for plaintiff.

Connolly, O'Malley & McNutt, Clark, Smith & Emery, and Lex Hawkins, Des Moines, Iowa, for defendants.

RILEY, District Judge.

When this matter was brought here August 6, 1954, by defendants' petition for removal from the District Court of Iowa in and for Polk County, defendants filed also their motion to quash and dismiss.

On August 12, 1954, plaintiff filed its motion to remand, which, by our order, was assigned for hearing with defendants' motion on August 20, 1954. Thereafter, on defendants' request, the matter was continued to a date after September 6, 1954, and for different reasons has been continued from time to time.

The court has now reviewed the record and finds that, as disclosed by the petition for removal, plaintiff initially filed this action in the District Court of the State of Iowa in and for Polk County on July 17, 1954, seeking a temporary and permanent injunction to restrain the defendants from alleged unfair labor practices. The defendants entered special appearances attacking the jurisdiction of the State court. A hearing was had, evidence was taken, and the court filed its findings, conclusions and rulings on special appearances, wherein the special appearances were overruled. The court found that it had jurisdiction to entertain the action "and the parties may be heard immediately on the matter of the merits of the prayer for the issuance of a temporary injunction." Thereafter, defendants undertook the removal proceedings which brought the case to this court.

If there is jurisdiction here to entertain this action, there was likewise jurisdiction in the State court to entertain it when it was filed there. That court in a fully studied opinion determined that it had jurisdiction to proceed and was ready so to proceed on the merits when its action was interrupted by the removal proceedings.

My present study of the record causes me to believe that I should have acted promptly after the United States Supreme Court spoke in Amalgamated Clothing Workers of America v. Richman Brothers Co., which was filed April 4, 1955, 348 U.S. 511, 75 S.Ct. 452.

By reason of the action of the State court in finding the essential jurisdictional requisites to exist, I consider it my duty now to remove the "element of federal-state competition and conflict" and to remand the case to the State court. Comity may not require, but it urges me to such action. The State court will recognize, as this court recognizes, that this action upon the motion to remand has no effect whatever upon any of the questions related to the merits of the controversy.

The Clerk will enter the following

### Order

Upon consideration of plaintiff's motion to remand this cause to the District Court of the State of Iowa in and for Polk County, from which it was removed, the court finds, for the reasons stated in the memorandum of decision filed herewith, that the motion should be sustained.

It is therefore ordered and adjudged that plaintiff's motion to remand this action to the District Court of the State of Iowa in and for Polk County be and the same is hereby sustained.